Giffen, J.
This was an action for damages for a personal injury occasioned by the negligence of the city in permitting a street crossing to remain out of repair and in a dangerous condition. The court below refused to charge the jury that, in considering whether the crossing in question, at the time and place of the accident, was a reasonably safe crossing, it was their duty to bear in mind “the extent of the territory covered by the city, and the number of other crossings and streets demanding care, and the number and nature of other duties devolving upon the city and also claiming its care and attention, ” to which refusal the city excepted and now claims it was error.
The inference which the jury would naturally draw from such a charge is that the territory covered by this city, the number of its street crossings and the number of its duties are greater than those of other cities; that its means are insufficient to properly care for all, and that by attending to such repairs as are most urgent, and omitting those not so necessary, it will not be deemed negligent.
¡¡The argument reduces itself to the proposition that the city, being without funds'whereby to make all necessary repairs, and being limited in making contracts by the money already *605 in the treasury, it can not be charged with negligence in]'failing to keep up ordinary repairs. A city, like a private corporation, will have more or less money in its treasury in proportion as its business is managed with ability, care, economy and fidelity; and aided by the certainty and regularity of taxation,it has less reason than a private corporation to so shield itself.
We have examined the other errors alleged, although'fnot urged at the hearing, but find none in the record.
Judgment affirmed.